# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: November 19, 2015)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * *  * | UNPUBLISHED | |
| TAHLIA SEPCTOR, M.D., * | | |
| * | No. 15-401 | |
| Petitioner, * | | |
| * | | |
| v. * | Special Master Hamilton-Fieldman | |
| * | | |
| SECRETARY OF HEALTH * | | |
| AND HUMAN SERVICES, * | Ruling on Entitlement; Conceded; | |
| * | Influenza (Flu) Vaccine; Shoulder Injury | |
| Respondent. * | Related to Vaccine Administration | |
| * | (SIRVA). | |
| * * * * * * * * * * * * * * *  * | | |

Jack D. Hull, II, Goldsmith & Hull, Northridge, CA, for Petitioner.
Julia McInerny, United States Department of Justice, Washington, D.C., for Respondent.

## RULING ON ENTITLEMENT[1]

On April 21, 2015, Tahlia Spector, M.D., ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program").[2]  Petitioner alleged that an influenza ("flu") vaccination she received on September 19, 2013, caused her to suffer from a shoulder injury related to vaccine administration ("SIRVA").

On November 13, 2015, Respondent filed a report pursuant to Vaccine Rule 4(c) in which she concedes that Petitioner is entitled to compensation in this case.  Respondent's Report,

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006).  In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

ECF No. 21. Specifically, Respondent agrees that Petitioner's alleged injury is consistent with SIRVA. *Id.* at 7. Based on a review of the medical records, Respondent concludes that Petitioner has satisfied all legal prerequisites for compensation under the Act. *Id.*

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. §300aa-13; Vaccine Rule 8(d). In light of Respondent's concession and a review of the record, the undersigned finds that Petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

<u>s/ Lisa Hamilton-Fieldman</u>
Lisa Hamilton-Fieldman
Special Master